UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH BROOKS, SR., et al.,

       Plaintiffs,                        Case No.  03-73371

v.                                         District Judge Lawrence P. Zatkoff
                                             Magistrate Judge R. Steven Whalen
OFFICER ALAN KNAPP, et al.,

       Defendants.

_____/

**ORDER**

       Defendants have moved to disclose, during deposition, information placed in the Law Enforcement Information Network (L.E.I.N.) On February 4, 2001, specifically a L.E.I.N. printout regarding the alleged non-existence of a personal protection order (PPO) and the contents of a County broadcast related to the events giving rise to this lawsuit. During the deposition, the Court conducted a telephonic conference with the attorneys for the parties.

       M.C.L. §28.214(2) provides that "[a] person shall not disclose information from the law enforcement information network to a private entity for any purpose, including, but not limited to, the enforcement of child support programs." Paragraph (3) provides that "[a] person shall not disclose information from the law enforcement information network in a manner that is not authorized bylaw or rule." Paragraph (4) provides criminal penalties for any person who violates paragraphs (2) or (3).

In *People v. Elkhoja*, 467 Mich. 916, 658 NW2d 153 (2003), the Court considered whether a trial court's discovery order in a criminal case, compelling disclosure of L.E.I.N. concerning a witness, violated the above statute. The Supreme Court adopted the reasoning of the dissenting opinion in the Court of Appeals, *People v. Elkhoja*, 251 Mich.App. 417, 651 N.W.2d 408 (2002), and vacated the portion of the majority opinion which held that disclosure of the L.E.I.N. information was permissible. Based on the clear language of the statute, the dissenting opinion in the Court of Appeals, which was adopted by the Supreme Court, reasoned that "LEIN information may not be given to a private person for any purpose, and doing so is a criminal offense under MCL 28.214." 251 Mich.App. At 451. "As no rule or law authorizes the dissemination of LEIN information to criminal defendants seeking impeachment evidence, the dissent found that it would be illegal for a user agency to release the information to the prosecution for this purpose." *People v. Brown*, 2004 WL 1397585 (Mich. Ct.App. 6-22-04) (unpublished opinion).

Under *Elkhoja*, as well as the clear language of M.C.L. 28.214, Defendant may not disclose the L.E.I.N. information without violating a Michigan criminal statute. Therefore, Defendant's request for an order permitting disclosure is DENIED.

SO ORDERED.

                                      S/R. Steven Whalen  
                                      R. STEVEN WHALEN  
                                      UNITED STATES MAGISTRATE JUDGE

Dated:  August 23, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 23, 2005.

                          S/Gina Wilson
                          Judicial Assistant

Date: August 23, 2005