## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KENNETH BROOKS, SR., individually, and
DARLENE BROOKS, individually, and as
Co-Personal Representatives of the ESTATE
of CRUZ BROOKS, a Minor, and KENNETH
BROOKS, JR., Individually,

        Plaintiffs,

v.

OFFICER ALAN KNAPP, OFFICER G. DRUMB,
OFFICER VANDERBILT, Individually, and
WATERFORD TOWNSHIP,

        Defendants.

_____/

CASE NO. 03-73371

HON. LAWRENCE P. ZATKOFF

### ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion for Costs and Attorney Fees. Plaintiffs have responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' Motion for Attorney Fees is DENIED.

### II. BACKGROUND

The claims advanced in this lawsuit arise out of the February 11, 2001 shooting death of Brenda Hernandez by her husband, Gilbert Hernandez. As early as August 2000, Defendant

Waterford Police Department began receiving reports of domestic disturbances at the Hernandez residence.  Mrs. Hernandez subsequently petitioned for, and was granted an *ex parte* personal protection order (hereinafter "PPO"), which remained in force for approximately one year, until October 2, 2001.  The PPO prohibited Mr. Hernandez from entering Mrs. Hernandez's workplace, from assaulting, attacking, beating, molesting, or wounding Mrs. Hernandez, and from confronting her in a public place or on private property.  Under its terms, if the provisions were violated, Mr. Hernandez would be subject to immediate arrest.

Over the next few months, Mr. Hernandez violated the PPO on a number of occasions.  The violations included death threats to Mrs. Hernandez, unauthorized visits, as well as the battery of Mrs. Hernandez's father.  The Waterford Police were called to the Hernandez residence a number of times in response to these violations, but they only arrested Mr. Hernandez once, and they released him the following day from this arrest.  On February 6, 2001, Mr. Hernandez admitted himself to Harbor Oaks Hospital, stating that he had a gun and was going to kill himself.  He was discharged from the hospital on February 10, 2001.  That night, the police received a 911 call from the Hernandez residence and the police responded.  Mr. Hernandez was intoxicated or "high" and had battered Mrs. Hernandez.  In response, the police placed Mr. Hernandez in the back of the squad car, but did not arrest him.  They notified Mrs. Hernandez that they would place an extra patrol on her home and prevent Mr. Hernandez from entering her residence should he return.  Mrs. Hernandez remained at her residence because of the officers' representations.  Early February 11, 2001, Mr. Hernandez returned to the residence, entered it, and shot Mrs. Hernandez before she could call the police.  He then shot himself.

Plaintiffs brought the present action on September 4, 2003, asserting various constitutional

2

claims on behalf of Brenda Hernandez.  On October 27, 2003, Defendants moved for Judgment on

the Pleadings as to all counts of Plaintiffs' complaint.  In its August 13, 2004 Order, the Court

denied Defendants' Motion for Judgment on the Pleadings.  On August 26, 2004, the case was

reassigned to Judge Zatkoff from the retiring Judge Woods.  On August 27, 2004, Defendants filed

a Motion for Reconsideration of Judge Woods' August 13, 2004 Order.  The Court granted

Defendants' Motion for Reconsideration on October 5, 2004 and granted Defendants' Motion for

Judgment on the Pleadings regarding Plaintiffs' Due Process and Familial Association claims.  On

December 14, 2004, the Court granted Plaintiffs' Motion Requesting Certification for Interlocutory

Appeal.  On March 25, 2005, the Sixth Circuit denied Plaintiffs' petition for leave to appeal.

On February 3, 2006, Plaintiffs agreed to dismiss their remaining Equal Protection claim.

On February 13, 2006, the Court entered Judgment, thereby dismissing the case.  The only

remaining issue is attorney fees.

### III. LEGAL STANDARD

Under 42 U.S.C. § 1988, a district court may in its discretion award attorney
fees to a prevailing defendant upon a finding that the plaintiff's action was frivolous,
unreasonable, or without foundation, even though not brought in subjective bad faith.
[A] district court must resist the urge to engage in post hoc reasoning and the
hindsight logic of concluding a suit is without foundation because the plaintiff
ultimately does not prevail.  A plaintiff should not be assessed his opponent's
attorney fees unless the court finds the claim was groundless at the outset or that the
plaintiff continued to litigate after it clearly became so.  This requires inquiry into
the plaintiff's basis for filing suit. Awards to prevailing defendants will depend on
the factual circumstances of each case.

*Wilson-Simmons v. Lake County Sheriff's Dept.*, 207 F.3d 818, 823 (6th Cir. 2000) (citations

omitted).  "An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme

sanction, and must be limited to truly egregious cases of misconduct."  *Jones v. Continental Corp.*,

3

789 F.2d 1225, 1232 (6th Cir. 1986).


# IV. ANALYSIS

By the present motion, Defendants assert that this Court should, in its discretion, grant them prevailing party attorney fees pursuant to 42 U.S.C. § 1988.  The award of attorney fees to a prevailing defendant pursuant to 42 U.S.C. § 1988 is an extreme sanction which should only be applied in cases of egregious misconduct.  *See Jones v. Continental Corp*, 789 F.2d at 1232.  Though the Court did not accept Plaintiff's legal theory of recovery in this case, the Court finds that Plaintiff's claim was not so unreasonable as to warrant the sanction of prevailing defendant attorney fees.  In fact, though this Court believed that the controlling law was clear in this case, prior to the reassignment of this case, Judge Woods came to a different conclusion and denied Defendants' Motion for Summary Judgment in his August 13, 2004 Opinion.  Based on Judge Woods' August 13, 2004 Opinion, which permitted Plaintiff's claims to go forward, this Court cannot say that Plaintiff's legal theory of recovery was so unreasonable as to warrant an award of attorney fees under 42 U.S.C. § 1988.

For this reason, the Court finds that Defendants' Motion for Costs and Attorney Fees should be denied.

**V. CONCLUSION**

For the above reasons, the Court HEREBY DENIES Defendants' Motion for Costs and Attorney Fees.

IT IS SO ORDERED.


                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated:  April 27, 2006

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 27, 2006.


                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290

5